OPINION
Appellant Roosevelt Moore appeals the decision of the Richland County Court of Common Pleas that granted Appellee Ohio Adult Parole Authority's ("APA") motion to dismiss appellant's petition for writ of mandamus. The following facts give rise to this appeal.
In October 1998, appellant was granted conditional release on parole under the supervision of the APA. In March 2000, appellant was arrested for assault, driving under the influence, failure to comply and driving without legal privilege to do so. A release violation hearing was conducted on May 8, 2000, at the Summit County Jail. At this hearing, appellant plead not guilty to all of the violations except the violation of operating a motor vehicle without legal privilege to do so. Thereafter, appellant's parole was revoked.
On October 11, 2000, the APA considered the pending assault charge and scheduled appellant's next parole eligibility hearing in twenty months. On October 23, 2000, the state dismissed the pending criminal charges against appellant. On January 25, 2001, appellant filed a petition for writ of mandamus claiming the APA wrongfully considered his assault charge in its decision to deny him parole and breached his plea agreement. The trial court dismissed appellant's petition for writ of mandamus on March 27, 2001. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:[1]
 I. TRIAL JUDGE ERROR (SIC) WHEN IT DENIED WRIT OF MANDAMUS BASE (SIC) ON A DEMAND FOR PAROLE RELEASE.
 II. TRIAL JUDGE ABUSE (SIC) ITS DISCRETION WHEN IT DENIED APPELLANT (SIC) WRIT OF MANDAMUS BASE (SIC) ON THE REASONING THAT APPELLANT COULD PROVE NO SET OF FACTS ENTITTLELING (SIC) HIM TO RELIEF.
 I, II
Appellant claims, in his First Assignment of Error, that the trial court wrongfully assumed that he was requesting early release prior to the expiration of his original sentence. Appellant claims he was not seeking early release but merely sought to be continued on parole according to the guidelines set forth in the administrative rules. In his Second Assignment of Error, appellant maintains the trial court erred when it concluded he could prove no set of facts entitling him to relief under his petition for writ of mandamus.For the sound reasons set forth in the trial court's seven page judgment entry dismissing appellant's petition for mandamus, which we adopt and reference herein, we affirm the judgment of the trial court. The trial court properly dismissed appellant's petition for writ of mandamus.
Appellant's First and Second Assignments of Error are overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. Julie A. Edwards, P. J. Hon. William B. Hoffman, J. and Hon. John W. Wise, J. concur.
[1] Appellant did not serve the APA with a copy of his appellant's brief as required by App.R. 18(B). Thus, the APA did not file an appellee's brief. However, the APA did file a motion to dismiss appellant's appeal due to appellant's failure to serve the APA with a copy of his appellant's brief.